**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 11, 2011

Lyle W. Cayce
Clerk

No. 10-50710
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE UBALDO JUAREZ-MONTES, also known as Jose Beltran-Montes,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-839-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Ubaldo Juarez-Montes (Juarez) appeals the 46-month sentence imposed following his guilty plea conviction for attempted illegal reentry of the United States after removal. He contends that this within guidelines sentence was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and, thus, it was substantively unreasonable. More specifically, Juarez argues that, because U.S.S.G. § 2L1.2 is not empirically based and it results in "double counting" of prior offenses, his guidelines sentence does not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

merit a presumption of reasonableness. He also maintains that the guidelines range failed to reflect his personal history and characteristics, including his benign motive for reentering the United States. Finally, he asserts that his sentencing range was unreasonable because of an unwarranted sentencing disparity between defendants sentenced in the Western District of Texas, which does not have a "fast-track" program, and defendants sentenced in districts that do have such a program.

We need not decide whether, despite his arguments in the district court in support of a downward variance, Juarez's failure to object to the reasonableness of the sentence imposed results in plain error review. *Compare United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *with United States v. Rodriguez*, 523 F.3d 519, 526 n.1 (5th Cir. 2008). Juarez's arguments fail under either a plain error or an abuse of discretion standard of review.

We have rejected the contention that a sentence is not substantively reasonable, or that a presumption of reasonableness should not apply, merely because § 2L1.2 is not supported by empirical data and because it may result in double-counting. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). Furthermore, as Juarez concedes, we have held that the disparity between districts with fast-track programs and districts without them is not unwarranted. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008). In this case, the district court made an individualized sentencing decision based on the facts of the case in light of the factors set out in § 3553(a). *See Gall*, 552 U.S. at 49-50. The district court's conclusion that a within guidelines sentence was appropriate is entitled to deference, and we presume that this sentence it is reasonable. *See id.* at 51-52; *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). We see no reason to disturb the district court's discretionary decision to impose a sentence within the guidelines range.

AFFIRMED.